# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARCELL O'CONNOR (#108824)      CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN            NO. 14-0027-JJB-RLB

## TRANSFER ORDER

This matter comes before the Court on the petitioner's application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner, Marcell O'Connor, challenges his 2001 convictions and sentences, entered on a plea of guilty to charges of attempted second degree murder, of being a felon in possession of a firearm, and of manslaughter, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that the trial court erred (1) by failing to vacate his original plea and by determining to re-sentence him as a multiple offender on a multiple offender charge which had not been filed, and (2) by failing to advise him of his constitutional rights at the re-sentencing hearing.

A review of this Court's records reflects that the petitioner has previously pursued federal *habeas corpus* relief in this District, in Civil Action No. 10-0075-FJP-SCR, *Marcell O'Connor v. Burl Cain, Warden*, attacking the same convictions and sentences which are at issue in this matter. Moreover, the petitioner's application in that earlier federal *habeas corpus* proceeding was denied in July, 2010, upon a finding by the Court that the petitioner's application was untimely. Accordingly, this Court finds that the present application is in the nature of a successive application for *habeas corpus* relief within the meaning of 28 U.S.C. § 2244(b).[1]

---

1. A dismissal of a previous *habeas corpus* application as time-barred counts as an adjudication on the merits for the purpose of determining whether a subsequently-filed *habeas*

Section 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* The petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal habeas corpus relief. Thus, this Court cannot consider the instant *habeas corpus* petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application. Accordingly,

**IT IS ORDERED** that the instant petition be considered, in part, as a motion for authorization to proceed with this successive *habeas corpus* application.

**IT IS FURTHER ORDERED** that the instant petition be and it is hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, in order that that Court may determine whether to grant the petitioner authorization to file the instant *habeas corpus* petition in this Court. *See In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**IT IS FURTHER ORDERED** that a determination regarding the petitioner's entitlement to proceed *in forma pauperis* in this case be and it is hereby **DEFERRED**, pending authorization from the Fifth Circuit to proceed with the instant *habeas corpus* application.

Baton Rouge, Louisiana, this _7th_ day of February, 2014.

JAMES J. BRADY
**UNITED STATES DISTRICT JUDGE**

---

*corpus* application is successive. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).